Kavanagh, J. (dissenting).
Respondent Tax Appeals Tribunal’s determination that certain supplies used by petitioner in its air freight business are not exempt from the state’s sales and use tax is rationally based and, in my opinion, should in all respects be confirmed (see Tax Law §§ 1115 [n] [4]; 1101 [b] [12]).
The burden imposed upon a taxpayer challenging a determination by the Tribunal denying it a tax exemption is significant and requires the taxpayer to prove “ ‘a clearcut entitlement’ ” to the exemption (Matter of Golub Serv. Sta. v Tax Appeals Trib. of State of N.Y., 181 AD2d 216, 219 [1992], quoting Matter of Luther Forest Corp. v McGuiness, 164 AD2d 629, 632 [1991]). Also, to prevail, the taxpayer must not only show that it is clearly and unambiguously entitled to the exemption (see Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin., 83 NY2d 44, 49 [1993]; Matter of Golub Serv. Sta. v Tax Appeals Trib. of State of N.Y., 181 AD2d at 219; Matter of Old Nut Co. v New York State Tax Commn., 126 AD2d 869, 871 [1987], lv denied 69 NY2d 609 [1987]), but also demonstrate that its interpretation of the statute is not only plausible, but, as applied to the attendant circumstances, is the only rational interpretation possible (see Matter of Astoria Fin. Corp. v Tax Appeals Trib. of State of N.Y., 63 AD3d 1316, 1318 [2009]; Matter of Brooklyn Navy Yard Cogeneration Partners, L.P. v Tax Appeals Trib. of State of N.Y., 46 AD3d 1247, 1248 [2007], lv denied 10 NY3d 706 [2008]). Given this standard, and the fact that such tax exemptions are strictly construed against a taxpayer (see Matter of Gordon v Town of Esopus, 15 NY3d 84, 90 [2010]; Matter of 21 Club, Inc. v Tax Appeals Trib. of State of N.Y., 69 AD3d 996, 997 [2010]; Matter of CBS Corp. v Tax Appeals Trib. of State of N.Y., 56 AD3d 908, 909-910 [2008], lv denied 12 NY3d 703 [2009]), it is my view that petitioner has not met its burden. Consequently, the determination of the Tribunal that these shipping supplies are not promotional materials entitled to a tax exemption should be confirmed.
In essence, petitioner claims that certain packaging materials it uses in its air freight business are designed and configured in such a way that they not only serve as shipping supplies but also act to promote that business and, as such, qualify as promotional materials that are tax exempt (see Tax Law § 1115 [n] [4]). There is no dispute that the materials at issue are boxes, paks, envelopes, stickers and labels that are used by petitioner to ship items as part of its air freight operation. But petitioner argues that because these materials are labeled with *803 its logo and in some instances carry other information regarding the shipment, they qualify as “other related tangible personal property” that promotes its air freight service. The Tribunal disagreed, finding that labeling of these packaging materials — and the location of petitioner’s logo — did not serve to transform what are clearly shipping supplies into promotional materials that are exempt from taxation under the Tax Law.
In its determination, the Tribunal interpreted the relevant statutes to require that for materials to qualify as “other . . . tangible personal property” (Tax Law § 1101 [b] [12]) related to advertising, they must have been distributed by petitioner “for advertising purposes” and “to educate the public as to the advantages and virtues” of the service they offer for sale in their business (Selsman v Universal Photo Books, 18 AD2d 151, 152 [1963]). Here, the markings on these packaging materials were deemed by the Tribunal to function primarily as a means by which petitioner was identified as the entity shipping the items and, as designed, were not a solicitation by petitioner that others employ its services. Its conclusion that the markings on these packaging materials bore a remote and, at best, tangential relationship to advertising — especially since these materials were first and foremost shipping supplies used by petitioner in its air freight operation — is supported by the record and, as such, should be confirmed.
Petitioner also contends that since these packaging materials were provided to customers upon request and without charge, they qualified as gifts that are tax exempt under the statute (see Tax Law § 1101 [b] [12]). In response, the Tribunal found that these items were not “free gifts” because they were only provided to current customers who had accounts with petitioner and who had entered into a relationship that supported the conclusion that “customers would use the supplies to purchase petitioner’s shipping services.” Moreover, petitioner does not claim that the cost of these materials would not be passed on to the customer if and when it employed petitioner’s services.
Simply stated, there are sound policy reasons for deferring to the Tribunal in its determination as to whether a taxpayer under a given set of circumstances is entitled to a tax exemption under the Tax Law (see Matter of American Tel. & Tel. Co. v State Tax Commn., 61 NY2d 393, 400 [1984]). That, in my opinion, is especially true where the determination involved necessarily carries with it significant implications that go far beyond what is presented by the application under consideration. *804 * Given this reality, and the rational basis that exists for the Tribunal’s determination that the materials in question are shipping supplies used for packaging items to be delivered by petitioner in its air freight business — and not promotional materials — its determination denying the tax exemption should be confirmed.
Adjudged that the determination is modified, without costs, by annulling so much thereof as found that the supplies were not related tangible personal property and, as so modified, confirmed.

 Petitioner’s refund claim alone totals $2,710,051.17.